*201 Opinion op the Court,
by Judge Owsley.
IN 1801, Daniel Haddix departed this life, leaving a widow and two infant children. At the time of his death, Daniel Haddix was possessed of a negro woman and other property, and administration of his estate was granted, by the proper authority, to his widow and her brother, William Mason. The negro woman was afterwards sold by a sheriff, to satisfy a debt owing, by the intestate, and purchased by the widow, at the price of two hundred and one dollars. Since the sale by the sheriff, the negro woman has had six children, all of whom, together with their mother, have come to the possession of the administrator, William Mason. To recover these negroes, John and William Haddix, the only children and heirs of the intestate, Daniel dix, exhibited their bill in equity, making defendants thereto, the said' Mason, their mother, and Th ornas Watson, to whom she lias intermarried. They claim the negroes as the legal heirs of their father, Daniel Haddix, deceased, contend that the sale by the sheriff was irregular, and insist that no property passed to their mother by her purchase from the sheriff.
Watson and his wife answered, admitting the right of the complainants to recover. Mrs. Watson sets out the circumstances of the sale by the sheriff, and her purchase of the negro woman; but she alleges that the P,,r" chase was made, not in her individual right, but in her character of administratrix, for the exclusive use and benefit of the estate of her deceased husband. She states, that to enable her to make the purchase, she borrowed the money, hoping to be able thereafter, out of the proceeds of the estate, to repay the money; but ing disappointed in her expectations, she was reduced to the necessity of mortgaging the negro woman to her brother, William Mason, to secure the payment of the same amount, which she obtained from him. She charges, that her brother has ever since held the possession of the woman and her children, as a security for the sum advanced by him.
cannotbe céme the chaser of property entrusted to him to sell.
Mas on admits that the negro woman belonged to Daniel Haddix, at the time of his decease, and that his sister and himself administered upon the estate; but he alleges that the estate was greatly indebted, beyond its capacity of payment, and that the negro woman, before she had any children, was sold by the sheriff, to pay the debts of the estate, and purchased by his sister. He charges that the purchase was not made by his sister as administratrix of the estate, but in her personal right, and for her individual benefit; and that he afterwards obtained the negro woman from his sis-*er> not’ as s*ie says’ mortgage, but under an absolute purchase, for a full price, which he has paid. He insists that the negroes of right belong to him, and that ^ie bill should be dismissed,
The court below, on a final hearing, pronounced a decree the bill with costs.
Before we enter on an examination of the merits of the decree, it is proper to dispose of objections- taken to the decision of the court below on points of evidence.
It is first objected, that the court erred in excluding ^le cause the deposition of Mrs. Watson, taken by the complainants. That deposition appears to have been taken after Mrs. Watson and her husband had reIease(l all interest in the matter in contest; but was ob-to, and excluded by the court, in consequence of her deposition having been previously taken in the cause, before she and her husband released their in- , , f®* ®sf-
It cannot be denied, but what the first deposition of Mrs. Watson was inadmissible evidence in the present contest. She was, at the time of giving that deposition, directly and immediately interested in the matter in contest, and of course incompetent to prove any fact unfavorable to that interest. But her interest was afterwards, and before her latter deposition was taken, removed, by the release which was executed by her and her husband, and with that her competency to give evidence was restored. After giving her first deposition, she would naturally feel a strong bias to support the same facts, in any subsequent deposition; but, having released her interest, that bias can only go to her credit, and not to her competency; as a witness.
The deposition ought not, therefore, to have been excluded. The decree should not, however, for an error . *203 of that sort, be reversed. Though excluded by the decision of the court, the deposition is incorporated in the record, by bill of exceptions, and it is, in such a case, the invariable practice of this court to look into the deposition and decide the contest as if it had not been excluded.
The complainants also objected to other depositions taken by the defendants, to prove confessions made by Mrs. Watson after the alleged purchase of the negro •woman by Mason; but the objections were overruled by the court, and the depositions retained. Whether or not those depositions ought to have been retained, after excluding the deposition of Mrs. Watson, we have not thought material to enquire; for, be that as it may, it is undoubtedly proper that they should now be considered in connexion with her deposition.
Having disposed of these preliminary objections, we are brought to consider the merits of the decree. And here it is proper to premise, that the record contains nothing which can authorize thé slightest imputation of fraud against either .of the administrators, in permitting the negro woman to be sold by the sheriff. The estate of the intestate, including the negro woman, which came to the hands of the administrators to be administered, is proved not to be equal in value to the debts which were owing by the intestate, and, the negro was actually sold at public auction, for as much as she appears to have been really worth. It is not, therefore, perceived how it can be material in the present contest, whether or not the proceedings by. the sheriff, under the execution by which the negro was sold, were in every respect in strict conformity to the requisitions of law; for, holding the possession of the intestate’s property, it was incumbent on the administrators to pay an amount of debts equal to the value of that property; and, as respects the interests of the heirs and distributees, it is totally unimportant by what description of sale the value was obtained. It is only to the residue of the slaves and chattels of the intestate, after paying his debts, the heirs and distributees have any right in their representative character ; and, of course, where all the estate is required to pay debts, there remains nothing for the heirs and distributees.
But, in argument, the situation of an administrator was likened to that of a trustee, and as a trustee is not *204 permitted to purchase the estate which he is entrusted to sell, it was contended that the purchase by the administratrix, at the sheriff’s sale, did not so change the right of property as to vest in her a personal right to the slave, which she previously held as administratrix.
Assuming the fact to be, that the purchase was made by the administratrix with an intention of acquiring the exclusive right to the negro, and that the estate of the intestate was inadequate to the payment of his debts, the doctrine advanced in argument cannot be admitted to prevail. The situation of an administrator is not like that of a trustee empowered to sell. When necessary for the purpose of paying the debts of the intestate, the administrator may no doubt sell; but, without selling, he may, in some cases, acquire the exclusive right to a specific chattel belonging to the estate of his intestate. Where, without having any ready money of the intestate, the administrator pays debts with his own money, he will become entitled to the absolute property in a specific chattel of equal value to the debts paid, by electing to take the chattel as a compensation.— Toller’s Law of Executors, 238; Office of Executor, 80; Plow. 183.
Now, if the fact be as we have assumed it, the purchase of the administratrix must be equivalent to an election to take the negro woman as a compensation for the price; and as that price is proved to be the full value of the woman, and was paid in discharge of the intestate’s debts, and especially as the estate of the intestate was insufficient to pay his debts, according to the authorities cited, the absolute right to the negro must have vested in the administratrix.
But the fact assumed, is controverted by the answer of the administratrix. She admits that she purchased the negro woman from the sheriff; but alleges that the purchase was made for the benefit of the complainants, and not for her own use; and she testifies to the same statements in her deposition. But her testimony was given under circumstances which indicate great bias in favor of the cause she was called to support, and which render her evidence deserving but little credit. It is true, her testimony is not altogether unsupported by any other evidence; but we think the weight of evidence preponderates greatly in favor of a different result. The sheriff by whom the negro was sold, proves *205 the purchase to have been made by the administratrix for her personal benefit, and the statements which are proved to have been afterwards made to others, tend strongly to establish the same fact.
If, therefore, we are correct-in supposing that Mrs. Watson became invested with the absolute property in the negro, by her purchase, the court below was undoubtedly' correct in decreeing a dismission of the complainants’ bill; for, upon that suupposition, the complainants, as heirs and distributees of the intestate, Haddix, can have no right to the woman or her increase, and it is their right, derived in their representative character, that is asserted by their bill.
But, were the right of the complainants admitted to be asserted in the bill, under their mother, as well as in their character of heirs to their deceased father, still we should be of opinion their bill was properly dismissed. Though there is some contrariety of evidence in relation to the contract between the defendant, Mason, and his sister, we think the weight of testimony satisfactorily shows that the negro woman was received by the defendant, from his sister, not in mortgage, but under an absolute purchase.
Decree affirmed with costs.